UNITED STATES of America,
Plaintiff—Appellee,

v.

Jose Abraham ESTRADA–LUGO, aka Jose Estrada–Lugo, Defendant—Appellant.

No. 04–10445.

United States Court of Appeals,
Ninth Circuit.

---

Submitted May 9, 2005.*

Decided May 23, 2005.

Susan Baumann, USTU—Office of the U.S. Attorney, Evo A. DeConcini U.S. Courthouse, Tucson, AZ, for Plaintiff–Appellee.

Edward H. Laber, Esq., Tucson, AZ, for Defendant–Appellant.

Before: KLEINFELD, HAWKINS, and GRABER, Circuit Judges.

## MEMORANDUM **

Defendant Jose Abraham Estrada–Lugo appeals from his sentence for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a), with a sentencing enhancement under 8 U.S.C. § 1326(b).

1. We have jurisdiction because the district court's oral statements conflict with the plea agreement's waiver of the right to appeal the sole issue here, which is whether Defendant's conviction for negligent homicide is, or is not, an aggravated felony. *See United States v. Buchanan,* 59 F.3d 914, 917–18 (9th Cir.1995) (holding that, when the court's oral statements in the plea colloquy conflict with the written agreement, the court's oral statements control). When the court asked Defendant whether he agreed to be bound by "all" the terms of the written agreement, defense counsel interjected and specifically excepted the characterization of negligent homicide as an aggravated felony, a matter as to which the prosecution and defense

had "agreed to disagree." The court then asked whether Defendant agreed to be bound by "the remaining" terms of the written agreement, and he answered "yes." The plea agreement did not specify the sentencing level that applied to negligent homicide, but only to ranges that applied to various categories.

2. As the government properly concedes, negligent homicide is not a crime of violence warranting the 16–level enhancement that the district court imposed here. *Leocal v. Ashcroft,* —— U.S. ——, ——, 125 S.Ct. 377, 384, 160 L.Ed.2d 271 (2004).

REVERSED and REMANDED for resentencing.

KLEINFELD, Circuit Judge, dissenting.

I respectfully, and reluctantly, dissent.

At the change of plea colloquy, the defense and prosecution brought out that there was a disagreement about whether the criminal conviction was an aggravated felony and the magistrate judge made sure that the defendant understood that there was a disagreement, that it would be submitted to the district judge for decision at sentencing, and that he would not be able to appeal the district judge's decision because his plea agreement waived his right to appeal.

It is true that at the sentencing, defense counsel and the district judge, who did not preside at the change of plea, seemed to be under the impression that the issue might have been reserved from the waiver, so that it could be appealed, but it plainly was not. This ambiguity or confusion at sentencing cannot operate backwards to inject an ambiguity that was not there in the

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sentencing agreement and the change of plea colloquy. There was no upward departure or other deviation from the plea agreement, the defendant was sentenced in accord with it and the only dispute was over a legal interpretation, which was waived.

My dissent is reluctant because, although the law required us, in my view, to hold the defendant to his waiver, there is no injustice in the reversal and remand. The crime that was determined to be an aggravated felony has subsequently been held not to be, by the Supreme Court in *Leocal v. Ashcroft*.[1] Thus this is a case where the defendant waived his right to what would have been a good appeal.

---

**1.** *Leocal v. Ashcroft*, 543 U.S. ——, 125 S.Ct. 377, 382–83, 160 L.Ed.2d 271 (2004).

